**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| ISLAND VIBE CAFE, MORNING STAR STABLES, TBM CONSTRUCTION, MICHAEL JANSSEN, AND WILLIAM BAILEY, on behalf of themselves and all others similarly situated, )<br><br>Plaintiffs, )<br><br>v. )<br><br>PCL CONSTRUCTION ENTERPRISES, INC., and PCL CIVIL CONSTRUCTORS, INC.,<br><br>Defendants. | Civil Action No.: 17-cv-101<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Island Vibe Cafe, Morning Star Stables, TBM Construction, Michael Janssen, and William Bailey, individually and on behalf of all others similarly situated, by and through counsel, hereby file this action against Defendants, PCL Construction Enterprises, Inc. and PCL Civil Constructors, Inc. (collectively, "Defendants" or "PCL"), and allege as follows based upon personal knowledge, investigation of counsel, and information and belief:

<u>**NATURE OF THE ACTION**</u>

1.      On or about July 27, 2017, PCL acted negligently by causing damage to the main power transmission line for Hatteras and Ocracoke Islands during the construction of a local bridge.  This negligence resulted in widespread electrical power outages for residents, visitors and businesses on the islands.

2.      The power outage resulted in Governor Roy Cooper declaring a state of

1

emergency and issuing a mandatory evacuation of thousands of individuals in from the Islands, which is a popular tourist destination that earns most of its revenue during the busy summer season.

3.    The power outage caused significant economic and personal hardship to individuals and families who were visiting, or who had planned to visit, the Hatteras and Ocracoke Islands area, as well as to businesses operating on the Islands.

4.    Plaintiffs bring this class action against PCL for the economic and personal hardships which they experienced following the evacuation of the affected area and inability to stay at, or visit, the Hatteras and Ocracoke Islands.

## PARTIES

5.    Plaintiff Island Vibe Cafe is a business located in Ocracoke, North Carolina. Island Vibe Cafe sells fair trade clothing and home made Greek yogurt and has suffered a financial loss as the result of Defendants' conduct.

6.    Plaintiff Morning Star Stables is a business located in Ocracoke, North Carolina. Morning Star Stables is a horse stable that takes visitors for horse rides on Cape Hatteras National Seashore and has suffered a financial loss as the result of Defendants' conduct.

7.    Plaintiff TBM Construction is a construction company located in Buxton, North Carolina that repairs and renovates rental properties. TBM Construction is unable to work on construction projects due to the power outage. As a result, Plaintiff TBM Construction has suffered a financial loss as the result of Defendants' conduct.

8.    Plaintiff Michael Janssen is a resident of North Carolina. He owns two vacation rental homes in Rodanthe on Hatteras Island, North Carolina. Plaintiff Janssen has suffered a financial loss as the result of Defendants' conduct including loss of rental income, which is

2

continuing, and additional maintenance fees.

9.      Plaintiff William Bailey is a resident of Pennsylvania. He rented a vacation rental home on Hatteras Island, North Carolina for the week of July 29, 2017 to August 5, 2017. Plaintiff Bailey has suffered a financial loss as the result of Defendants' conduct including unreimbursed rental payments and travel expenses.

10.     The PCL "family of companies" is composed of a number of independent construction companies including PCL Civil Constructors, Inc. and PCL Construction Enterprises, Inc.  PCL carries out operations in different construction markets throughout Canada, the United States, the Caribbean and Australia. PCL employs more than 4,500 full-time professional and administrative salaried staff and more than 10,000 hourly tradesman.  PCL does an annual construction volume of $8 billion.

11.     Defendant PCL Construction Enterprises, Inc., which is headquartered in Denver, Colorado, offers commercial, civil, and heavy industrial construction services in North America.

12.     Defendant PCL Civil Constructors, Inc. is a wholly-owned subsidiary of PCL Construction Enterprises, Inc., which is incorporated in Colorado and does business in North Carolina, among other locations.

## JURISDICTION AND VENUE

13.     Jurisdiction is proper in this Court pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because there are more than 100 Class Members, the class contains members of diverse citizenship from Defendants, and the amount in controversy exceeds $5,000,000 exclusive of costs and interests.

3

14. This Court has personal jurisdiction over PCL because it is incorporated in Colorado, and is licensed to and conducts substantial business in North Carolina, and in particular in this federal judicial District.

15. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because PCL regularly conducts business in this District, and a substantial part of the events or omissions giving rise to this action occurred in this District.

## FACTUAL ALLEGATIONS

16. The Herbert C. Bonner Bridge (hereinafter, "Bonner Bridge") is located in the heart of one of North Carolina's most popular tourist attractions, the Outer Banks.

17. Every day, up to 14,000 cars traverse the Bonner Bridge in both directions, and visitors, residents and local businesses rely on the Bridge for accessibility to Hatteras Island.

18. In 2011, the North Carolina Department of Transportation awarded a design-build contract to PCL to design and construct a bridge to replace the existing Bonner Bridge to carry N.C. Highway 12 over Oregon Inlet between Hatteras and Bodie Island. The project's estimated costs is $246 million.

19. On or about July 27, 2017, PCL informed the Cape Hatteras Electric Cooperative that it "drove a steel casing into the underground transmission cable that runs between the south end of the Bonner Bridge and the overhead riser pole."

20. Integrity testing revealed that two additional transmission cables were severed, cutting all power to Hatteras and Ocracoke Islands.

21. Also on or about July 27, 2017, North Carolina Governor Roy Cooper declared a State of Emergency in order to ensure the appropriate state and local government response to the power outage caused by PCL's negligence.

4

22.     As a result of PCL's damage to the underground transmission cable, thousands of individuals in Dare and Hyde Counties lost electrical power and were evacuated from the Outer Banks. The evacuation and loss of power have caused economic and personal hardships for individuals and families who had begun or were expecting to begin summer vacations by renting properties in the affected area.

23.     When Governor Cooper declared a state of emergency, many visitors renting properties were mandated to evacuate before the end of their rental term.  Rental property owners, including Plaintiff Michael Janssen, have lost income as a result of these early-terminated rentals.  Additionally, because no renters are allowed on the Islands while the state of emergency persists, these rental property owners will lose rental income for their rental properties for an indeterminate amount of time, as well as incurring additional costs and expenses as a result of the power outage caused by PCL's July 27, 2017 negligent transmission line damage.

24.     Further, vacationers, including Plaintiff William Bailey, lost monies paid for vacation rentals, which they now are not permitted to use, and incurred additional travel expenses and other costs resulting from the power outage caused by PCL's July 27, 2017 negligent transmission line damage

25.     Due to the Islands being evacuated and closed to visitors while the state of emergency continues, local businesses, including Plaintiffs Island Vibe Café, Morning Star Stables, and TBM Construction, have lost income and will to lose income for an indeterminate amount of time, as well as incurring additional costs and expenses as a result of the power outage caused by PCL's July 27, 2017 negligent transmission line damage.

26.     As a result of vacationers not being allowed to the Islands and some businesses

5

having to close as a result of the power outage caused by PCL's July 27, 2017 negligent transmission line damage, hourly workers at local businesses have lost wages and earnings.

## CLASS ACTION ALLEGATIONS

27.    Plaintiffs bring this suit as a class action on behalf of themselves and on behalf of all others similarly situated pursuant to Federal Rule of Civil Procedure 23.  This action satisfies the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of the provisions of Rule 23.

28.    The Vacation Renter Class that Plaintiffs seek to represent is defined as follows:

> All individuals who were renting or made a payment to rent vacation properties in the area impacted by PCL's July 27, 2017 negligent transmission line damage during the time period of the State-imposed mandatory evacuation.

29.    The Rental Property Owner Class that Plaintiffs seek to represent is defined as follows:

> All owners of rental property on Hatteras and Ocracoke Islands in North Carolina whose rental property was impacted by PCL's July 27, 2017 negligent transmission line damage.

30.    The Business Owner Class that Plaintiffs seek to represent is defined as follows:

> All owners of businesses on Hatteras and Ocracoke Islands in North Carolina whose business was impacted by PCL's July 27, 2017 negligent transmission line damage.

31.    The Hourly Worker Class that Plaintiffs seek to represent is defined as follows:

> All hourly workers of businesses on Hatteras and Ocracoke Islands in North Carolina whose business was impacted by PCL's July 27, 2017 negligent transmission line damage.

32.    Numerosity.  Fed. R. Civ. P. 23(a)(1).  The members of the Classes are so numerous that joinder of all members is impractical.  While the exact number of Class members

6

is unknown to Plaintiffs at this time, based on information and belief, it is estimated to be above 5,000. The exact number is generally ascertainable by appropriate discovery. Local rental agencies have knowledge of the damages experienced by ongoing and future vacation renters due to the July 2017 power outage and business licenses for the islands can be readily ascertained.

33. <u>Commonality</u>. Fed. R. Civ. P. 23(a)(2) and (b)(3). There are questions of law and fact common to the Classes, which predominate over any questions affecting only individual Class members. These common questions of law and fact include, without limitation:

      a. Whether and to what extent PCL had a duty of reasonable care in its construction of the Bonner Bridge so as to avoid cutting transmission lines with resulting electrical outages;

      b. Whether PCL failed to exercise its duty of reasonable care in a negligent manner so that Plaintiffs and Class Members have experienced economic and personal damages as a result of electrical outages and evacuations from the affected area;

      c. Whether Plaintiffs and Class Members are entitled to actual damages and/or punitive damages as a result of PCL's negligent conduct; and

      d. Whether Class Members are entitled to injunctive relief to redress the economic and personal harm resulting from the ongoing power outage caused by Defendants' negligence.

34. <u>Typicality</u>. Fed. R. Civ. P. 23(a)(3). Plaintiffs' claims are typical of those of other Class Members because Plaintiffs and Class Members all experienced economic and personal loss as a result of PCL's negligence. Plaintiffs are advancing the same claims and legal theories on behalf of themselves and all Class Members.

7

35.    <u>Adequacy of Representation</u>.  Fed. R. Civ. P. 23(a)(4).  Plaintiffs will fairly and adequately represent and protect the interests of the Classes. They have no disabling conflicts of interest that would be antagonistic to those of the other members of the Class and the damages they have suffered are typical of other Class members. Plaintiffs have retained counsel experienced in complex consumer class action litigation, and Plaintiffs intend to prosecute this action vigorously.

36.    <u>Superiority of Class Action</u>.  Fed. R. Civ. P. 23(b)(3).  The class litigation is an appropriate method for fair and efficient adjudication of the claims involved. Class action treatment is superior to all other available methods for the fair and efficient adjudication of the controversy alleged herein; it will permit a large number of class members to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort and expense that hundreds of individual actions would require. Class action treatment will permit the adjudication of relatively modest claims by certain class members, who could not individually afford to litigate a complex claim against large corporate PCL. Further, even for those class members who could afford to litigate such a claim, it would still be economically impractical.

37.    The nature of this action and the nature of laws available to Plaintiffs and the Classes make the use of the class action device a particularly efficient and appropriate procedure to afford relief to Plaintiffs and the Classes for the wrongs alleged because PCL would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual Class member with superior financial and legal resources; the costs of individual suits could unreasonably consume the amounts that would be recovered; proof of a common course of conduct to which Plaintiffs were exposed is

8

representative of that experienced by the Class they seek to represent and will establish the right of each member of the Class to recover on the cause of action alleged; and individual actions would create a risk of inconsistent results and would be unnecessary and duplicative of this litigation.

38.     The litigation of the claims brought herein is manageable.  PCL's uniform conduct, the consistent provisions of the relevant laws, and the ascertainable identities of Class Members demonstrates that there would be no significant manageability problems with prosecuting this lawsuit as a class action.

39.     Adequate notice can be given to Class Members directly using information maintained in public records.

40.     Unless a Class-wide injunction is issued, PCL may continue to construct the Bonner Bridge in a negligent manner so that future economic and personal losses could be experienced by Plaintiffs and Class Members.

41.     Further, PCL has acted negligently in a manner that applies generally to the Classes, making final injunctive and declaratory relief appropriate to the Classes as a whole. PCL's acts and omissions are the direct and proximate cause of damage described more fully elsewhere in this Complaint.

42.     Plaintiffs reserve the right to modify or amend the definition of the proposed Classes, before the Court determines whether certification is appropriate and as the parties engage in discovery.

9

## CAUSE OF ACTION
### Negligence
### (On Behalf of All Classes)

43.     The allegations in all preceding paragraphs are incorporated by reference as though fully set forth herein.

44.     In designing and building the Bonner Bridge, PCL had a duty to exercise reasonable care during construction so as not to cause any interference with the vacation rental plans of individuals and families in the affected area, including Plaintiffs and Class Members.

45.     Defendants' actions that resulted in a severed transmission line and resulting wide-scale power outage demonstrates a failure to exercise that duty of care.

46.     Defendants' breach of its duty to exercise reasonable care was the actual and proximate cause of Plaintiffs' and Class Members' economic and personal injuries since they would not have experienced lost vacation opportunities but for the actions of Defendants.

47.     Plaintiffs and the Class Members were the foreseeable and probable victims of any inadequate care toward the construction of the Bonner Bridge. PCL knew or should have known of the inherent economic risks in causing a wide-scale power outage in the Outer Banks area during the busy summer season.

48.     Plaintiffs and the Class Members had no ability to continue or commence their vacation rental plans during the widescale power outage.

49.     As a result of PCL's negligence, Plaintiffs and Class Members have suffered and will continue to suffer damages and injury including, but not limited to: out-of-pocket expenses associated with evacuation; lost rental fees; lost vacation days from their jobs, etc.

10

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs on behalf of themselves and all others similarly situated, pray for relief as follows:

      A.    For an Order certifying this action as a class action and appointing Plaintiffs and their Counsel to represent the Classes.

      B.    A mandatory injunction directing PCL to hereinafter exercise its duty of reasonable care during construction of the Bonner Bridge so that no further power outages are experienced;

      C.    For an award of actual damages and compensatory damages, in an amount to be determined;

      D.    For an award of attorneys' fees and costs; and,

      E.    Such other and further relief as this court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: July 31, 2017          Respectfully submitted,

                    /s/ Jean Sutton Martin
                    JEAN SUTTON MARTIN
                    North Carolina Bar Number 25703
                    LAW OFFICE OF JEAN SUTTON
                    MARTIN PLLC
                    2018 Eastwood Road Suite 225
                    Wilmington, NC 28403
                    Telephone: (910) 292-6676
                    Facsimile: (888) 316-3489
                    Email: jean@jsmlawoffice.com

Joseph G. Sauder
Matthew D. Schelkopf
Joseph B. Kenney
McCUNE WRIGHT AREVALO LLP
555 Lancaster Avenue
Berwyn, PA 19312
Telephone: (610) 200-0581
Email: jgs@mccunewright.com
         mds@mccunewright.com
         jbk@mccuneright.com

***Attorneys for Plaintiffs and the Proposed Class***