IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

| | |
|---|---|
| ISLAND VIBE CAFÉ, MORNING STAR STABLES, TBM CONSTRUCTION, MICHAEL JANSSEN, and WILLIAM BAILEY, on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br>v.<br><br>PCL CONSTRUCTION ENTERPRISES, INC., and PCL CIVIL CONSTRUCTORS, INC.,<br><br>                Defendants. | No. 4:17-cv-101-D |
| MARISSA GROSS d/b/a DOWN CREEK GALLERIES, RHONDA G. DERRING, and ROBERT D. CASE, on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br>v.<br><br>PCL CONSTRUCTION SERVICES, INC.,<br><br>                Defendant. | No. 4:17-cv-102-D |
| MISS OCRACOKE, INC., STEPHEN J. WILSON, HATTERAS BLUE, INC., STEVEN J. HARRIS, STEVEN WRIGHT, CHARLES EDWARD HOFMANN, and ALEX DANIEL GARRISH, on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br>v.<br><br>PCL CONSTRUCTION ENTERPRISES, INC., PCL CIVIL CONSTRUCTORS, INC., PCL CONSTRUCTION SERVICES, INC., and PCL CONSTRUCTION RESOURCES (USA) INC.,<br><br>                Defendants. | No. 4:17-cv-103-D |

| | |
|---|---|
| MATTHEW BREVELERI, on behalf of himself and all others similarly situated,<br><br>       Plaintiff,<br><br>       v.<br><br>PCL CONSTRUCTION ENTERPRISES, INC. and PCL CIVIL CONSTRUCTORS, INC.,<br><br>       Defendants. | No. 4:17-cv-107-D |
| THOMAS EDGAR, NINA EDGAR, EDWARD WAAS, and JACK LEWIS, on behalf of themselves and all others similarly situated,<br><br>       Plaintiffs,<br><br>       v.<br><br>PCL CIVIL CONSTRUCTORS, INC.,<br><br>       Defendant. | No. 5:17-cv-445-D |
| BRIGGS MCEWAN, LAS OLAS, INC., TRI-V CONERY, INC., TAMI LYNETTE GRAY d/b/a FAMILY WATER ADVENTURES, DANIEL SPAVENTA, KAREN FITZPATRICK, and EDWIN FITZPATRICK, on behalf of themselves and all others similarly situated,<br><br>       Plaintiffs,<br><br>       v.<br><br>PCL CIVIL CONSTRUCTORS, INC., PCL CONSTRUCTION ENTERPRISES, INC., and PCL CONSTRUCTION SERVICES, INC.,<br><br>       Defendants. | No. 2:17-cv-40-D |

**ORDER**

On September 26, 2017, pursuant to Federal Rules of Civil Procedure 16(a), 23(g), and 42(a), plaintiffs in these six cases asked the court to enter an order consolidating these six cases, appointing

2

interim lead counsel, and instructing the parties to meet and confer and to submit an initial proposed case management plan. Defendants do not oppose the motion.

The moving plaintiffs in the following six cases are:

1. <u>Island Vibe Café, et al. v. PCL Construction Enterprises, Inc., et al.</u>, No. 4:17-cv-101-D ("Island Vibe");

2. <u>Gross d/b/a Down Creek Galleries, et al. v. PCL Construction Services, Inc.</u>, No. 4:17-cv-102-D ("Gross");

3. <u>Miss Ocracoke, Inc. et al. v. PCL Construction Enterprises, Inc., et al.</u>, No. 4:17-cv-103-D ("Miss Ocracoke");

4. <u>Breveleri, et al. v. PCL Construction Enterprises, Inc., et al.</u>, No. 4:17-cv-107-D ("Breveleri");

5. <u>Edgar, et al. v. PCL Civil Constructors, Inc.</u>, No. 5:17-cv-445-D ("Edgar"); and

6. <u>McEwan v. PCL Civil Constructors, Inc.</u>, No. 2:17-cv-40-D ("McEwan").

There is a seventh case, <u>Arch Insurance Co. v. PCL Civil Constructors, Inc.</u>, No. 4:17-cv-126-D ("Arch Insurance"), that also involves claims arising out of the power outage affecting Ocracoke and Hatteras, North Carolina. Arch Insurance has moved to intervene in four of the putative class actions: Miss Ocracoke, Breveleri, Edgar, and McEwan. Plaintiffs' counsel are in the process of meeting and conferring with counsel for Arch Insurance, but Arch Insurance has not yet taken a position on consolidation of its action with the other actions.

Under Rule 42(a), "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). The court finds that the plaintiffs in the six above-captioned actions ("actions") assert one or more similar claims against defendant PCL Civil Constructors, Inc., or other named PCL entities (collectively "defendants" or "PCL") arising out of the power outage affecting Ocracoke and Hatteras, North Carolina, as more specifically alleged in the actions. Plaintiffs in the actions have

3

agreed to consolidate the actions for all purposes, and defendants do not oppose the motion. Upon consolidation of the actions, and the designation of a master case file, plaintiffs intend to file in due course a master consolidated amended complaint, or, if circumstances warrant, more than one consolidated complaint, with the intention that these complaint(s) shall become the operative complaint(s) for the actions and allow for the more efficient resolution of these actions.

In sum, the court hereby ORDERS as follows:

1. CONSOLIDATION OF RELATED ACTIONS.

a. The court finds that the record and relevant pleadings reflect that the actions assert one or more similar claims arising out of the power outage affecting Ocracoke and Hatteras, North Carolina and reflect one or more common issues of fact or law. Accordingly, the court finds that the Island Vibe Café, Gross, Miss Ocracoke, Breveleri, Edgar, and McEwan actions should be consolidated for all purposes under Federal Rule of Civil Procedure 42(a).

b. The clerk shall establish and maintain a Master Docket for this proceeding under the caption "In re: Outer Banks Power Outage Litigation," Master File No. 4:17-CV-141-D. All orders, pleadings, motions, and other documents should, when filed and docketed in the Master File, be deemed filed and docketed in each individual case.

c. The parties shall meet and confer with counsel in the above-referenced <u>Arch Insurance</u> action and determine whether consolidation would be appropriate. In addition, if any new additional action is filed in, removed to, or transferred to this court, the parties shall meet and confer to determine whether the new action involves similar issues of law or fact and whether consolidation would be appropriate. If so, the parties shall meet and confer with counsel in the new action and any party may file a motion to consolidate the new action if appropriate.

2. FILING AND DOCKETING PROCEDURES.

a. Every pleading hereafter filed in this Consolidated Action shall bear the following caption:

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
Master File No. 4:17-CV-141-D

| | |
|---|---|
| IN RE: OUTER BANKS POWER OUTAGE LITIGATION | ) ) ) |
| This Document Relates To: All Actions. | ) ) ) ) ) |

b. When a pleading or paper is intended to apply to all actions to which this order applies, the words "All Actions" shall appear after the words "This Document Relates To:" as per the demonstrative caption above. When a pleading or paper is intended to apply to less than all such actions, the filing party shall identify this court's docket number for each action to which the pleading or paper is intended to apply, and the last name of the first named plaintiff in that action shall appear after the words "This Document Relates To:" in the caption, i.e., "Civil Action No. _____ [Name of plaintiff]."

c. When a pleading or paper is filed and the caption, pursuant to subsection (b) above, shows that it is applies to "All Actions," the CM/ECF filing shall be made in the Master File only. No further copies need be filed or other docket entries made.

d. When a pleading or paper is filed and the caption, pursuant to subsection (b), shows that it applies to fewer than all of the actions, the CM/ECF filing shall be made in the Master File and in the docket of each such action.

5

### 3. FILING OF CONSOLIDATED AMENDED PLEADINGS.

a. Defendants shall not answer or otherwise respond to any of the complaints in the separate actions, to the extent defendants have not done so to date. In addition, plaintiffs shall not respond to defendants' pending motions to dismiss to the extent they have been filed, or to the motions to intervene filed by Arch Insurance to the extent they have been filed, in the separate actions. Defendants and Arch Insurance (or any other defendant, proposed intervenor, or other interested party) shall have the right to file any appropriate motions once the master consolidated amended complaint(s) have been filed in the Consolidated Action.

b. Within 30 days, plaintiffs shall file a master consolidated amended complaint. If the parties meet and confer and find it necessary to file more than one master pleading (for example, if the Arch Insurance lawsuit is consolidated in due course, or if among the existing six actions there is a plaintiff or claim that warrants treatment in a separate complaint going forward), then they shall do so within 30 days.

### 4. APPOINTMENT OF INTERIM COUNSEL.

a. Under Federal Rule of Civil Procedure Rule 23(g)(3), "[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). The court has considered the filings and finds that appointment of interim counsel is appropriate.

b. The court appoints Whitfield Bryson & Mason LLP, the Zaytoun Law Firm, and Wallace & Graham, P.A., as Interim Co-Lead Counsel, and appoints the Law Office of Jean Sutton Martin, PLLC, Morgan & Morgan Complex Litigation Group, McCune Wright Arevalo, LLP, Hendren, Redwine & Malone, PLLC, Rose Harrison & Gilreath, P.C., and Wolf Haldenstein Adler Freeman & Herz LLP to the Interim Plaintiffs' Steering Committee.

5. INTERIM CASE MANAGEMENT ORDER.

Counsel for all parties in the Consolidated Action shall meet and confer and within the next 45 days submit an agreed proposal, or differing proposals if agreement on issues cannot be reached, concerning an initial case management plan.

6. INITIAL STATUS CONFERENCE.

On Monday, December 18, 2017, the parties shall appear for an initial status conference at 10:00 a.m. in courtroom one of the Terry Sanford Federal Building, 310 New Bern Avenue, Raleigh, North Carolina.

SO ORDERED. This 12 day of October 2017.

JAMES C. DEVER III
Chief United States District Judge